THIS OFFICE HAS RECEIVED YOUR REQUEST FOR AN OPINION CONCERNING THE ABILITY OF A MUNICIPALITY TO ISSUE GENERAL OBLIGATION BONDS FOR THE PURPOSE OF ACQUIRING A BUILDING IN THE MUNICIPALITY TO LEASE TO A DOCTOR. THERE ARE SO MANY FACTUAL QUESTIONS RAISED BY THIS REQUEST THAT I HAVE TAKEN THE LIBERTY OF PREPARING THIS INFORMAL OPINION LETTER. IT DOES NOT CONSTITUTE AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
YOUR SPECIFIC QUESTION CONCERNS THE ABILITY TO ISSUE BONDS UNDER OKLA. CONST. ARTICLE X, SECTION 26 FOR THIS PURPOSE. THE ANSWER TO THIS QUESTION IS REACHED BY DETERMINING TWO THINGS. (1) IS THIS FOR A PUBLIC PURPOSE? (2) IS THIS TRANSACTION AN AUTHORIZED ACTIVITY OF THE MUNICIPALITY BY THE CONSTITUTION, STATUTES OR CHARTER OF THE MUNICIPALITY?
PURSUANT TO OKLA. CONST. ARTICLE X, SECTION 14/ARTICLE X, SECTION 17 MUNICIPALITIES MAY NOT USE TAX MONEY FOR PRIVATE PURPOSES OR SIMPLY TO ASSIST PRIVATE INDIVIDUALS. STATE EX REL. LACY V. JACKSON, 682 P.2D 218 (OKLA. 1983). "PUBLIC PURPOSE" IS SYNONYMOUS WITH "GOVERNMENT PURPOSE". ID. AT 220. THE CLOSEST SPECIFIC POWER GIVEN TO MUNICIPALITIES IS THE POWER TO RUN A HOSPITAL. 11 O.S. 22-104(2) (1989). FROM YOUR LETTER IT APPEARS THAT THIS WILL JUST BE A DOCTOR'S OFFICE. IN MY VIEW IT WOULD NOT CONSTITUTE A HOSPITAL AS DEFINED IN 68 O.S. 1-701 OR 68 O.S. 1-710. I CAN FIND NO OTHER AUTHORITY IN THE CONSTITUTION OR STATUTES WHICH WOULD SPECIFICALLY ALLOW THIS.
I SUPPOSE AN ARGUMENT COULD BE MADE THAT A HOME-RULE CHARTER CITY WITH SPECIFIC AUTHORITY TO DO THIS IN ITS CHARTER MIGHT BE ABLE TO USE BOND PROCEEDS FOR THIS TRANSACTION, BUT I DOUBT IT. MUNICIPALITIES ARE NOT GENERALLY THOUGHT TO POSSESS AUTHORITY TO ESTABLISH DOCTOR'S OFFICES. IN MY VIEW ARTICLE X, SECTION 26 WOULD NOT BE AN APPROPRIATE VEHICLE TO ATTRACT A DOCTOR TO THE COMMUNITY.
WHILE IT PROBABLY DOES NOT HELP WITH YOUR QUESTION I SHOULD POINT OUT THAT ONCE A COMMUNITY ESTABLISHES A MUNICIPALLY-OWNED HOSPITAL THAT IT CAN LEASE SPACE TO PRIVATE INDIVIDUALS. GENERALLY IT DOES NOT CONSTITUTE A "PRIVATE" PURPOSE WHEN A MUNICIPALITY LEASES PART OF A PUBLIC FACILITY (PORT FACILITY, AIRPORT) TO PRIVATE PARTIES WHICH IS INCIDENTAL TO THE MAIN PURPOSE OF THE FACILITY. SUBLETT V. CITY OF TULSA, 405 P.2D 185 (OKLA. 1965); FISCHER V. OKLAHOMA CITY, 174 P.2D 244 (OKLA. 1946).
THERE IS ONE OTHER POSSIBILITY FOR THE PUBLIC FINANCING OF A DOCTOR'S OFFICE. PURSUANT TO OKLA. CONST. ARTICLE X, SECTION 35 MUNICIPALITIES MAY ISSUE BONDS ". . . FOR THE PURPOSE OF SECURING AND DEVELOPING INDUSTRY WITHIN OR NEAR THE SAID MUNICIPALITY". I PERSONALLY DON'T THINK A DOCTOR'S OFFICE FALLS UNDER THE NORMAL DEFINITION OF "INDUSTRY" BUT I'M SURE OTHERS WOULD DISAGREE. I HAVE PERSONAL KNOWLEDGE OF THE FACT THAT SEVERAL PUBLIC TRUSTS HAVE FINANCED DOCTOR'S AND DENTIST'S OFFICES AROUND THE STATE. SUCH PROJECTS CANNOT BE FINANCED WITH TAX-EXEMPT BONDS ANY MORE BUT THEY COULD BE DONE WITH TAXABLE OBLIGATIONS.
IN MY VIEW, AN OKLAHOMA CITY OR TOWN CANNOT USE EITHER OKLA. CONST. ARTICLE X, SECTION 26/ARTICLE X, SECTION 35 TO ISSUE BONDS TO ACQUIRE A BUILDING TO BE USED FOR A DOCTOR'S OFFICE. IF YOU HAVE A COMMUNITY IN YOUR DISTRICT WHICH IS CONTEMPLATING SUCH A TRANSACTION, I WOULD SUGGEST THAT THEY CALL A FEW BOND ATTORNEYS ABOUT THE POSSIBILITY OF USING TAXABLE TRUST FINANCING AS AN ALTERNATIVE.
(THOMAS L. SPENCER)